UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   **2:21-cv-06668-SPG-MAA**                                                            Date: **September 26, 2022**

Title      **Miguel Antonio Garcia v. Felipe Martinez**

Present:   The Honorable MARIA A. AUDERO, United States Magistrate Judge

| Narissa Estrada | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):**     **Order to Show Cause Regarding Petitioner's Failure to File Opposition to Respondent's Motion to Dismiss**

　　　　On August 17, 2021, Petitioner Miguel Antonio Garcia ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241 ("Section 2241") ("Petition").  (Pet., ECF No. 1.)  On October 5, 2021, Respondent Felipe Martinez ("Respondent") moved to dismiss the Petition, arguing that Petitioner repeats the same claims raised in his post-conviction proceedings under 28 U.S.C. § 2255 and that the Section 2241 Savings Clause does not apply ("Motion to Dismiss").  (Mot. to Dismiss, ECF No. 9.)  On October 27, 2021 and again on November 12, 2021, Petitioner filed two separate voluntary dismissals of his case.  (ECF Nos. 11, 12.)

　　　　On March 10, 2022, the Honorable George H. Wu, the District Judge previously assigned to the case, dismissed the Petition pursuant to Petitioner's requests.  (ECF No. 13.)  On June 6, 2022, Judge Wu reinstated the Petition in light of two filings made by Petitioner that suggested to the Court that he wished to withdraw his mistakenly filed requests for voluntary dismissal and to reinstate the Petition.  (ECF No. 17.)  In so doing, Judge Wu referred the reopened matter back to this Magistrate Judge.  (*Id.*).

　　　　On June 10, 2022, the Court ordered Respondent to re-file and re-serve the Motion to Dismiss on Petitioner within thirty (30) days or to file and serve upon Petitioner an Answer to the Petition within forty-five (45) days of the Order ("Order").  (Order, ECF No. 18.)  In the event Respondent re-filed the Motion to Dismiss, the Court directed Petitioner to file an opposition no later than thirty (30) days after the date of re-service of that motion.  (*Id.* at 1.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   **2:21-cv-06668-SPG-MAA**                                        Date: **September 26, 2022**

Title    **Miguel Antonio Garcia v. Felipe Martinez**

    In the absence of a Motion to Dismiss or Answer filed by Respondent, on August 2, 2022, the Court ordered Respondent to show cause why the Petition should not be granted based on Respondent's failure to re-file the October 2021 Motion to Dismiss or file an Answer.  (ECF No. 21.)  That same day, on August 2, 2022, Respondent re-filed and re-served the Motion to Dismiss.  (ECF No. 22.)  Pursuant to the Order, Petitioner's opposition to Respondent's Motion to Dismiss was due on or before September 1, 2022.

    To date, Petitioner has not filed an opposition to Respondent's Motion to Dismiss.  Pursuant to the Court's Local Rules, failure to file a response to a motion "may be deemed consent to the granting or denial" of the motion.  C.D. Cal. L.R. 7-12.  Accordingly, Petitioner is **ORDERED TO SHOW CAUSE** by **October 26, 2022** why the Court should not recommend that the Petition be dismissed for failure to file an opposition to Respondent's Motion to Dismiss.  If Petitioner files an opposition to the Motion to Dismiss on or before that date, this Order to Show Cause will be discharged, and no additional action need be taken.

    **Petitioner is advised that failure to file an opposition to the Motion to Dismiss will be deemed as consent to the granting of the Motion to Dismiss and will result in a recommendation that this action be dismissed.  C.D. Cal. L.R. 7-12.  Petitioner also is advised that failure to comply with this Order to Show Cause will result in a recommendation that the Petition be dismissed for failure to prosecute and/or comply with court orders**.  *See* **Fed. R. Civ. P. 41(b); C.D. Cal. L.R. 41-1.**

    It is so ordered.