UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ANTONIO GARCIA,<br><br>                    Petitioner,<br><br>          v.<br><br>FELIPE MARTINEZ,<br><br>                    Respondent. | Case No. No. 2:21-cv-06668-SPG (MAA)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE AND DENYING PETITIONER'S MOTIONS**<br>**[ECF NOS. 47, 49, 57, 60, 62, 64]** |

Before the Court is the November 5, 2024, Report & Recommendation of United States Magistrate Judge Maria A. Audero, (ECF No. 60 ("Report")), which addresses the following motions filed by Petitioner Miguel Antonio Garcia ("Petitioner"): (1) Emergency Ex Parte Application Motion to Recall or Modify Mandate Pursuant to Rule 41.2 for Re-Entry of Judgment (ECF No. 47 ("Motion 1")); (2) Motion for Emergency Ex Parte-Temporary Restraining Order for Preliminary Injunctive Relief Under Rule 65 (ECF No. 49 ("Motion 2")); and Motion for Emergency Ex-Parte Application for Temporary Restraining Order for Preliminary Injunctive Relief Under Rule 65 (ECF No. 57 ("Motion 3")).

On or about November 15, 2024, Petitioner filed objections to the Report. (ECF No. 61). Thereafter, while the Report was pending before this Court, Petitioner filed the following two motions: (1) Motion for Emergency Ex Parte Application for Temporary

Restraining Order, for Preliminary Injunction Relief Under Rule 65 (ECF No. 62 ("Motion 4")); and (2) Emergency Ex Parte Motion for Final Judgment Under Rule 54(b) (ECF No. 64 ("Motion 5")).

Pursuant to 28 U.S.C. § 636, the Court has reviewed Motions 1 through 3 that are the subject of the Report, the records on file, and the Report. The Court has engaged in a *de novo* review of those portions of the Report to which Petitioner has objected. The Court has also reviewed and considered Petitioner's Motions 4 and 5 filed after the issuance of the Report. For the reasons discussed below, the Court overrules Petitioner's objections to the Report, adopts the Report as modified, including its findings and recommendations as to Petitioner's Motions 1 through 3, and DENIES Petitioner's Motions 4 and 5.

## I. De Novo Review of Report.[1]

The Report recommends that this case, which was closed on March 31, 2023, after Petitioner voluntarily dismissed his Petition pursuant to Federal Rule of Civil Procedure 41(a)(1), remain closed and that no further filings be entertained in this case. (Report at 15). The Report points out that Petitioner elected to voluntarily dismiss his case instead of addressing the arguments in Respondent Felipe Martinez's Opposition to Petitioner's Motion for Leave to Amend—namely, that the Petition was not properly brought under 28 U.S.C. § 2241 and, instead, was an untimely, unauthorized second or successive motion under 28 U.S.C. § 2255 brought in the wrong district. *See* (Report at 12; ECF No. 38). Finally, the Report determined that, even when liberally construed, the various motions Petitioner filed—after voluntarily dismissing his Petition for a second time and then waiting nearly fifteen months before seeking to reopen his case—did not demonstrate a basis for granting such relief. (Report at 15).

Petitioner objects to the Report on several grounds. First, he argues that under Rule 60(b), exceptional circumstances exist for reopening his case and the case should be reopened to prevent manifest injustice. (ECF No. 61 at 2–3, 9–11). Second, he argues that the Report "should be disqualified" because Judge Audero is biased against him. (*Id*. at 3–

---

[1] The Report sets out the facts and procedural background of this case in detail. Therefore, the Court's order does not recount those facts here.

9). Additionally, Petitioner argues that his conviction violates due process. As discussed below, none of Petitioner's objections to the Report warrant a change to the Report's findings or recommendations or preclude the Court from adopting the Report. *See* (*id.*). The Court address each of Petitioner's objections in turn.

A.   Objection to Report's Recommendation to Deny Reopening Case

Federal Rule of Civil Procedure 60(b) permits a court, "on motion and just terms" to "relieve a party . . . from a final judgment, order, or proceeding" for any of the following six enumerated reasons:

(1)   mistake, inadvertence, surprise, or excusable neglect;
(2)   newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b) ;
(3)   fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4)   the judgment is void;
(5)   the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6)   any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "The general purpose of the rule . . . is to make an exception to finality." *Waetzig v. Halliburton Energy Services, Inc.*, __S.Ct. __ , 2025 WL 608110, at *3 (2025) (internal quotation marks omitted). As the Supreme Court observed, "[t]he Rule attempts to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice should be done." *Id.* (internal quotation marks omitted). As such, motions for relief under Rule 60(b) "must be made within a reasonable time—and, when based on reasons such as excusable neglect, can be made "no more than a year after the entry of judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Relief under Rule 60(b)(6) "should be granted 'sparingly' to avoid 'manifest injustice' and '*only* where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.'" *Navajo Nation v. Dep't of the*

*Interior*, 876 F.3d 1144, 1173 (9th Cir. 2017) (emphasis in original) (quoting *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993)). The party seeking such relief bears the burden of proving such relief is justified. *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988).

Here, Petitioner has not shown that Rule 60(b)(6) relief is warranted. As the Report pointed out, instead of responding to Respondents "well-taken" arguments regarding the deficiencies in the Petition, Petitioner twice elected to voluntarily dismiss his Petition under Federal Rule of Civil Procedure 41(a). (Report at 12–13); *see also* (ECF Nos. 10, 43). Judge Audero, having determined based on the docket that Respondent had not yet served his answer to the Petition or moved for summary judgment, granted Petitioner's second voluntary dismissal under Rule 41(a)(1) and closed the case on March 31, 2023. (ECF No. 45). The voluntary dismissal of the Petition qualified as a "final proceeding" under Rule 60(b). *Waetzig*, 2025 WL 608110, at *4.[2] "The dismissal [wa]s the conclusive and last filing on the docket, and it complete[d] the [] lawsuit at issue . . . and terminate[d] the action itself." *Id.* (internal quotation marks and citations omitted)."

Although after voluntary dismissals, a court's "power under Rule 60(b) kicks in, permitting the court to look back at the 'final' act in a case and provide relief from the act when appropriate," *id.* at *5, here Petitioner did not timely file his request for such relief. Instead, Petitioner waited until June 20, 2024, almost fifteen months after his second voluntary dismissal before filing with the Court Motion 1, entitled "Emergency Ex Parte Motion to Recall or Modify Mandate, Pursuant to Rule 41.2, for Reentry of Judgement". *See* (ECF No. 47). And, although within Motion 1 Petitioner claims that his institution was going through a lockdown when he voluntarily dismissed his Petition in March 2023, Petitioner does not explain why he waited nearly fifteen months to seek relief under Rule

---

[2] The Report, which was issued on November 5, 2024, did not have the benefit of the Supreme Court's decision in *Waetzig*, which was issued on February 26, 2025. As such, the Court's analysis of Petitioner's arguments under Rule 60(b) is slightly different from those set forth in the Report. Notwithstanding, after conducting its de novo review, the Court's conclusion that reopening the case under Rule 60(b) is not warranted is the same.

60(b). Nor does he endeavor to show that his request for relief was made within a "reasonable time" under Rule 60(c)(1). *See* (*id.*).

Further, even if this Court were to construe Petitioner's Motion 1 as a request to reopen the case under Rule 60(b), as Judge Audero did, and deem Petitioner's request timely, which it was not, Petitioner has not shown that "extraordinary circumstances" or any of the reasons he asserts for reopening justify the relief he seeks under Rule 60(b). *Melo v. Zumper, Inc.*, 2020 WL 1891796, at *5 (N.D. Cal. Apr. 16, 2020). As the Report found, Petitioner's Motion 1 and subsequently filed motions entitled "Motion for Emergency Ex Part Application for a Temporary Restraining Order, for Preliminary Injunctive Relief under Rule 65" (ECF No. 49 ("Motion 2")), "Motion for Final Judgment Under Rule 54(b)" (ECF No. 52),[3] "Reply to Government's Opposition/ Motion for Final Judgment Under Rule 54(b)" (ECF No. 55), and "Motion for Emergency Ex Parte Application for a Temporary Restraining Order, for Preliminary Injunctive Relief Under Rule 65" (ECF No. 57 ("Motion 3")), do not address Respondent's arguments regarding the fatal deficiencies in Petitioner's Petition and futility of amendment, even though Judge Audero gave Petitioner the option to address these issues before Petitioner voluntarily dismissed his case for the second time. *See* (ECF No. 37). Nor does Petitioner explain why the relief he seeks in his Petition should be granted due to alleged failures of Respondent to timely meet certain filing deadlines when Petitioner routinely missed or ignored court deadlines, orders, and rules. *See* (Report at 12). The Court therefore agrees with the Report that Petitioner has not shown that relief under any of the six enumerated basis set forth in Rule 60(b) is warranted and thus declines to exercise its discretion to grant such relief. Accordingly, Petitioner's objection to the Report on this ground is overruled.

B.      Objection Based on Purported Bias

Petitioner objects that the Magistrate Judge was biased against him in her handling of his case and in the Report. (ECF No. 61 at 3–9). As evidence of bias, Petitioner argues

---

[3] This Court denied the Motion for Final Judgment Under Rule 54(b). *See* (ECF No. 52).

that Judge Audero allowed Respondent to file motions and pleadings after deadlines and failed to construe Petitioner's pleading and motions liberally.

From the Court's review of Petitioner's case, the Court does not observe any evidence of bias. To the contrary, the record demonstrates that Judge Audero treated both parties similarly, issuing Orders to Show Cause when Respondent failed to timely respond to the Petition and Petitioner failed to respond at all to Respondent's Motion to Dismiss the Petition. *See* (ECF Nos. 21, 23). Judge Audero also repeatedly construed Petitioner's various filings liberally, including liberally construing Petitioner's present Motion 1 as a motion to reopen the case under Rule 60(b). *See* (Report at 11 (stating "the Court is willing to liberally construe this pro se Petitioner's various post-voluntary-dismissal filings as a motion to reopen the case . . . .")). As such, Petitioner's speculative assertions and dissatisfaction with Judge Audero's recommendations in the Report are insufficient to demonstrate bias. *See Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) ("The alleged prejudice must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal.") (citing *Mayes v. Leipziger*, 729, F.2d 605, 607 (9th Cir. 1984)); *Yagman v. Republic Ins.*, 987 F.2d 622, 626–27 (9th Cir. 1993) (concluding that mere speculative assertions of invidious motive are insufficient to show judicial bias). The Court therefore overrules Petitioner's second objection to the Report.

   C. Objection Based on Due Process

Petitioner's final objection asserts that his conviction should be reversed because it purportedly was obtained through the knowing use of false, fabricated evidence and perjured testimony, in violation of his due process rights. (ECF No. 61 at 11–12). As the Report found, Petitioner raised these same claims in a previously filed petition brought pursuant to 28 U.S.C. § 2255 in the United States District Court for the District of Colorado, the court in which Petitioner was convicted. (Report at 13). Indeed, in denying Petitioner's § 2255 motion, the United States District Court for the District of Colorado expressly rejected the claims Petitioner raises in this action, (ECF No. 1 at 6), in which he alleges that the Denver Police fabricated a "Super 8 Sleeve and Key," and that the prosecutor

presented an unreliable 911 call as evidence. *United States v. Garcia*, Case No. 1:18-cr-00363-RM (D. Colo. Mar. 31, 2020), ECF No. 212 at 14-18. Thus, Petitioner cannot again bring these same claims in either a second § 2255 petition without authorization or in this District under 28 U.S.C. § 2241. *See Harrison v. Ollison*, 519 F.3d 952, 960 (9th Cir. 2008) (federal prisoner who was not denied an unobstructed procedural shot in raising claims under § 2255 cannot raise them under § 2241). The Court thus overrules Petitioner's objection to the Report based on due process.

## II.  Motions 4 and 5 Are the Same as Those Addressed by the Report

After the Report was issued and after Petitioner filed his objections to the Report, Petitioner filed two additional motions, Motion 4 and Motion 5. Neither of these motions merit a change in the findings in the Report. Motion 4 requests: (1) "an emergency ex-parte injunction granting Petitioner[']s emergency ex-parte petitions ordering an immediate release"; and (2) "an emergency ex-parte injunction, acquitting petitioner of all charges." (Motion 4 at 43). Motion 5 requests "an emergency ex parte, injunction granting Petitioner[']s petitions 47 and 49 and or 57. Ordering an immediate release. Acquitting petitioner of all charges." (Motion 5 at 4). As the Court previously recognized, Motion 4 is similar to Motions 2 and 3, which were addressed by the Report and, on review, this Court's present Order. (ECF No. 63). Further, Motion 4 does not address why the Court should reopen the case under Rule 59(e) or 60(b). The same is true for Motion 5, which itself acknowledges it is the same as previous motions and does not address why the Court should reopen the case. For those reasons, Motions 4 and 5 are DENIED.

## ORDER

Accordingly, it is ordered that (1) the Report and Recommendation of the Magistrate Judge is approved and adopted with the modification discussed in footnote 2 of this Order; (2) Petitioner's motions are denied (ECF Nos. 47, 49, 57, 62, and 64); (3) this case remains

closed; and (4) no further filings shall be filed or accepted in this closed case. Judgment shall be entered in accordance with this Order.

**IT IS SO ORDERED.**

DATED: March 21, 2025

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE